**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TERRANCE L. RAINES,

       Petitioner,                                             Case No. 07-10605
                                                                       Honorable Gerald E. Rosen

v.

MARY BERGHUIS,

       Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS,
AND (2) DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*__

       On February 9, 2007, Petitioner Terrance L. Raines, a state inmate currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to U.S.C. § 2254, asserting that he is being held in violation of his federal constitutional rights. On July 20, 2001, Petitioner pleaded guilty to (1) larceny from a person, in violation of MICH.COMP.LAWS § 750.357, and (2) attempted carjacking, in violation of MICH.COMP.LAWS § 750.529a. Petitioner was sentenced by the Wayne County, Michigan, Circuit Court, on August 6, 2001, to (1) four to ten years imprisonment for the larceny-from-a-person conviction, and (2) one to five years imprisonment for the attempted-carjacking conviction. On January 22, 2008, Respondent, in lieu of filing an answer to Petitioner's petition, filed a motion for summary judgment, on the basis that Petitioner's petition was not filed within the applicable statute of limitations period pursuant to 28 U.S.C. § 2244. Respondent filed the required Rule (5) materials on March 7, 2008. For the reasons set forth below, the Court grants

Respondent's motion and dismisses Petitioner's petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

I.

Petitioner pleaded guilty to larceny from a person and attempted carjacking in the Wayne County, Michigan, Circuit Court in 2001, and was sentenced to four to ten years imprisonment for the larceny-from-a-person conviction and one to five years imprisonment for the attempted-carjacking conviction. Subsequently, on March 6, 2003, Petitioner filed a motion for relief from judgment with the trial court, which was denied on July 1, 2003. *People v. Raines*, No. 00-011620 (Wayne County Circuit Court, July 1, 2003). Thereafter, Petitioner filed two more motions for relief from judgment with the trial court, which were also denied. *People v. Raines*, No. 00-011620 (Wayne County Circuit Court, September 14, 2004); *People v. Raines*, No. 00-011620 (Wayne County Circuit Court, May 25, 2005).

Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was dismissed on May 25, 2006, for lack of jurisdiction pursuant to M.C.R. 6.502(G). *People v. Raines*, No. 269436 (Mich.App.Ct. May 25, 2006). Subsequently, Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied on November 29, 2006. *People v. Raines*, 477 Mich. 942, 723 N.W.2d 813 (2006).

Petitioner signed and dated the present petition for writ of habeas corpus on February 1, 2007. The petition was filed with this Court on February 9, 2007. In his pleadings, Petitioner raises claims concerning (1) inaccurate information in the pre-sentence report, (2) sentencing violations, and (3) ineffective assistance of trial and appellate counsel. Respondent filed the

instant motion for summary judgment on January 22, 2008, asserting that the petition fails to comply with the one-year statute of limitations applicable to federal habeas actions. 28 U.S.C. § 2244.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations runs from the latest of: a) the date on which the judgment became final, i.e., when time for seeking direct review has expired; b) the date on which any impediment to filing the application was removed by the state; c) the date on which a newly enacted constitutional right was created and made retroactive to cases on collateral review; and d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Concerning § 2244(d)(1)(A) and a state-court direct appeal, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." SUP.CT.R.13.

In Michigan, a petitioner may challenge the validity of the judgment of conviction by filing a motion for relief from judgment under the terms of M.C.R. 6.500 *et. seq.* A properly filed application for post-conviction or other collateral review tolls the running of the one-year habeas statute during the pendency of that application. Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward any period of limitation contained in the statute. A post-conviction relief petition is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, tolling is effective only when collateral review is properly sought within the limitations period. *Id.*

Regarding a petition for state post-conviction relief, the one-year statute of limitations is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). A properly filed application for state post-conviction relief, however, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir.2003).

The United States Supreme Court has held that, after completion of state-court-collateral review, the statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, __ U.S. __; 127 S.Ct. 1079 (2007).

The statute of limitations is not jurisdictional; instead, it is an affirmative defense. *Scott v. Collins*, 286 F.3d 923, 927 (6th Cir. 2002). Because the statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The doctrine of equitable tolling, however, is to be used "sparingly." *Dunlap*, 250 F.3d at 1008-1009. In *Dunlap*, the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness

in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008; *See also Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.), *cert. denied*, 125 S.Ct. 200 (2004). The decision whether to equitably toll a period of limitations is decided on a case-by-case basis. *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

The Sixth Circuit has recently endorsed the view that the Constitution requires an actual innocence exception to the AEDPA's one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). As the *Souter* Court explained, a petitioner, in order to support a claim of actual innocence in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Souter,* 395 F.3d at 602; *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

In this case, Petitioner does not allege that the state created an impediment to filing the petition and does not rely on any new constitutional rule or on any newly discovered factual predicate. § 2244(d)(1)(B), (C), and (D). Accordingly, the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review under § 2244(d)(1)(A) constitutes the applicable latest date from which the period of limitations ran. Section 2244 (d)(2) states that the time during which a properly filed application for state

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

Here, the time for Petitioner to seek direct review of the challenged convictions expired on August 7, 2002–one year after Petitioner was sentenced. The limitations period then began to run and Petitioner had one year to either commence his habeas action or to properly file an application for state post-conviction or other collateral review, which would toll the one-year statute of limitations period. Petitioner filed his first motion for relief from judgment with the trial court in March 2003. At that time, approximately seven months of the limitations period had run. The trial court denied Petitioner's motion on July 1, 2003. Petitioner then filed several more motions for relief from judgment with the trial court, which were denied on September 14, 2004, and May 25, 2005, respectively. However, the problem with Petitioner filing those successive motions is that they were not properly filed.

In order to toll the running of the statute, an application for post-conviction relief must be properly filed. *Artuz*, 531 U.S. at 8. An application is properly filed "when its delivery and acceptance are in compliance with the applicable law and the rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (Citations omitted).

In this case, Petitioner's habeas petition is untimely because his successive motions for relief from judgment were not properly filed and therefore did not toll the limitations period under § 2244 (d)(2). After August 1, 1995, the Michigan Court Rules allow only one motion for relief from judgment; second or successive motions are prohibited absent a retroactive change in the law. Michigan Court Rule 6.502(G) states that unless there has been a retroactive change in

the law, "one and only one motion for relief from judgment may be filed with regard to a conviction. The court shall return without filing any successive motions for relief from judgment. A defendant may not appeal the denial or rejection of a successive motion. M.C.R. 6.502(G). Against that backdrop, the state courts thus lacked jurisdiction to consider Petitioner's successive motions for relief from judgment.

The United States Supreme Court has held that if a state application is not properly filed, even if it was erroneously accepted by a court clerk, it does not toll the limitations period of § 2244(d)(2). Where "an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending* but not *properly filed*." *Artuz*, 531 U.S. at 9 (emphasis in the original). In the present case, Petitioner's successive motions for relief from judgment were not properly filed for purposes of tolling the habeas statute. Petitioner cannot establish that the time during which his successive motions were pending in the trial and state appellate courts tolled the limitations period. Without the benefit of tolling during the time that Petitioner's successive motions were pending in the state trial and appellate courts, the limitations period for Petitioner's habeas petition expired long before Petitioner filed this habeas petition in February 2007.

Moreover, Petitioner has not presented grounds for entitlement to tolling or another limitations period in this case. Regarding prejudice to Respondent, the Sixth Circuit has held that the "absence of prejudice factor is a factor to be considered only after a factor that might justify tolling is identified." *Allen*, 366 F.3d at 404 (citing *Vromin*, 346 F.3d at 605). Because Petitioner has failed to demonstrate the existence of a factor that justifies tolling in this case, any alleged lack of prejudice may not be considered. Additionally, Petitioner has failed to establish a

-8-

credible showing of actual innocence.

III.

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.*

The Court is satisfied that jurists of reason could not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case. Nor should Petitioner be

granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED** and that Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED**.


                        s/Gerald E. Rosen
                        Gerald E. Rosen
                        United States District Judge

Dated: May 22, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 22, 2008, by electronic and/or ordinary mail.

                        s/LaShawn R. Saulsberry
                        Case Manager